## LORRAINE OTTAWA *v.* JOCKO OTTAWA
(14538)

Schaller, Spear and Hennessy, Js.

Submitted on briefs December 14, 1995—decision released March 5, 1996

*Michael R. Hasse*, with whom, on the brief, was *Richard T. Miller*, certified legal intern, for the appellant (defendant).

*Lois J. Lawrence*, for the appellee (plaintiff).

PER CURIAM. The defendant appeals from the judgment dissolving his marriage to the plaintiff. Custody and visitation matters were resolved by a stipulation that was signed by the parties and their attorneys and accepted by the trial court. After a hearing on contested financial matters, the court entered orders regarding property, alimony, counsel fees and child support and rendered judgment accordingly.

The defendant asserts that the trial court (1) violated the defendant's right to due process of law by awarding counsel fees to the attorney for the minor children without affording the defendant an evidentiary hearing, (2) improperly accepted the stipulation of the parties and (3) entered financial awards in contravention of settled law.

The defendant contends that the court awarded fees to the children's attorney without a hearing despite his request for such a hearing. He states in his brief that "[t]his order is in complete disregard of the defendant's due process rights to a hearing. It completely ignores a constitutional issue that was raised, questioned and presented by the defendant [at the beginning] of the trial. The trial court deprived the defendant of his right to a hearing on the fees for the attorney for the minor children."

Our review of the transcript shows that the court offered to have the attorney for the minor children brought to court to testify regarding her bill. In response to that offer, the defendant's trial counsel responded that "[h]e's willing to stipulate to the amount. Our concern is how that bill is going to be paid." The defendant's counsel then suggested that "if he could just review it in the recess, that would do it . . . ." After a twenty minute recess was called by the court to allow the defendant and his counsel to review the attorney's bill and to discuss the matter, the following colloquy took place:

"The Court: Where do we stand with the issue I left you with?

"[Defense Counsel]: He has agreed. Yes."

The hearing then proceeded with other testimony because the court properly considered the fees for the children's attorney to be a closed issue. The defendant

clearly agreed to the fees and waived his right to a hearing on the issue.

After a careful review of the record and the briefs of the parties, we also conclude that the remaining issues are equally lacking in merit.

The judgment is affirmed.